**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

TONY GRIFFIN, SR.                                                                                            PLAINTIFF

4:13CV00625-JLH-JTK

MELANIE D. JONES-FOSTER                                                                      DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the

same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.      Introduction

Plaintiff Tony Griffin is a former state inmate who filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the Wrightsville Unit of the Arkansas Department of Correction (ADC), alleging deliberate indifference to a heart condition by Defendant Jones-Foster.  Plaintiff asks for monetary relief.

This matter is before the Court on the Defendant's Motion for Summary Judgment (Doc. No. 32).  Plaintiff filed a Responses in opposition to the Motion, and Defendant filed a Reply (Doc. Nos. 36, 37).

## II.     Complaint

In his Complaint, Plaintiff alleges he wrote numerous grievances and sick calls about his heart condition and other issues, and was placed on "chronic care." (Doc. No. 1, p. 5.)  Although inmates on chronic care are not supposed to be charged a fee for treatment for the same issues, he noticed that $73.63 was missing from his account. (Id.)  He also complains about the unprofessional behavior of Defendant and comments she made to him, including that one stint in his heart would

2

be enough.  (Id., p. 6.)  As a result of her failure to perform her job properly, Plaintiff coughs up

blood and suffers from nausea and chest pains.  (Id.)

### III.   Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of

law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the

initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence

of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir.

1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once

the moving party has met this burden, the non-moving party cannot simply rest on mere denials or

allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there

is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to

the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot

simply create a factual dispute; rather, there must be a genuine dispute over those facts that could

actually affect the outcome of the lawsuit."  Id.

### A.   Exhaustion

Defendant asks the Court to dismiss Plaintiff's Complaint against her for failure to exhaust

his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. §

1997e, and the inmate grievance procedure, Administrative Directive (AD) 12-16 (Doc. No. 34-1.)

According to Shelly Byers, Medical Grievance Coordinator for Deputy Director Rory Griffin, the

grievance procedure requires an inmate to first file an informal resolution which is submitted to a

problem solver, who investigates the complaint and provides a written response.  (Doc. No. 34-1, p.1.)  If the inmate is not satisfied with the response, he may submit the form as a formal grievance, and it is assigned a number and signed by the unit grievance officer. (Id.)  If the grievance is of a medical nature, it is forwarded to the appropriate medical personnel for response, and if the inmate is not satisfied with the response or fails to receive a response, he may file an appeal to the office of the Deputy Director. (Id.)  After the Deputy Director reviews the grievance and provides a response, the grievance is considered exhausted.  (Id., pp. 1-2.)

Having reviewed Plaintiff's grievance history, Ms. Byers states that he filed only two grievances in the three years prior to filing his complaint on October 31, 2013.  (Id., p. 2.) One grievance, EA 13-00123, was not a medical grievance and was rejected and not appealed.  (Id.) The other grievance which was a medical grievance, WR 13-230, was not filed until November 27, 2013, and therefore, was not exhausted prior to the filing of this lawsuit on October 31, 2013.  (Id.) Although Plaintiff attached several informal resolutions to his Complaint, he did not file any of these as formal grievances, and therefore, did not exhaust them.  (Id.)

Defendant adds that case law requires a prisoner to exhaust the available administrative remedies before filing suit over prison conditions, citing Booth v. Churner, 532 U.S. 731, 741 (2001). In addition, if exhaustion is not completed at the time the lawsuit is filed, the case must be dismissed. Johnson v. Jones, 340 F.3d 624, 627-8 (8th Cir. 2003).

In response, Plaintiff states that he was not provided all the paper work he needed and was threatened by staff if he did not dismiss this lawsuit. (Doc. No. 36.)  He claims he continues to suffer medical problems due to Defendant's failure to adequately treat his medical condition, and claims Defendant is responsible for the fact that some of his grievances were not answered and were

returned. (Id.)

Having reviewed the parties' submissions, the Court finds it clear that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit against Defendant.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. at 741. In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000), quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d at 627 (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S.199, 218 (2007).

The ADC grievance policy in effect at the time of the incidents at issue in Plaintiff's Complaint specifically instructs inmates concerning the procedure, and warns the inmates that they must exhaust their remedies as to all defendants at all levels of the procedure prior to filing an action pursuant to § 1983. (Doc. No. 34-1, p. 20.) Defendants provide an undisputed declaration of a grievance officer who states that Plaintiff did not exhaust a medical grievance concerning the issue raised in the Complaint prior to filing this lawsuit. (Id., pp. 1-2.) In addition, Plaintiff received responses to the informal resolutions which he attached to his complaint, and did not complete step two of the procedure as to those grievances by submitting them as formal grievances. (Doc. No. 1, pp. 14-20.) He provides no proof that he re-submitted those resolutions as formal grievances, despite the grievance procedure instructions. It is clear to the Court that Plaintiff was aware of the grievance process, because he did eventually file and exhaust a grievance; however, it was not filed until after this lawsuit was filed. Therefore, Plaintiff's Complaint must be dismissed for failure to exhaust his administrative remedies as required by the PLRA.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 32) be GRANTED, and Plaintiff's Complaint against Defendant be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 30th day of September, 2014.

_____
     JEROME T. KEARNEY
     UNITED STATES MAGISTRATE JUDGE